## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNICOLORS, INC., a California corporation,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

        Defendants.

Case No. 1:24-cv-02987

**FIRST AMENDED COMPLAINT**

**JURY DEMANDED**

## FIRST AMENDED COMPLAINT

Plaintiff, Unicolors, Inc., ("Unicolors"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1.    This action has been filed by Plaintiff in attempt to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use that same unauthorized and unlicensed reproductions that infringe Plaintiff's copyrights (collectively, the "Infringing Products").

2.    Unicolors owns original two-dimensional textile designs for purposes of garment production. It allocated the designs at issue internal design numbers ███ and ███ which are duly registered with the U.S. Copyright Office (the "Subject Designs"). The Subject Designs are used by authorized companies to create garments.

3.      The Defendants create numerous Internet stores and design them to appear to be selling genuine products copyrighted by Plaintiff, while selling inferior imitations of Plaintiff's Designs. The Defendant Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logistical relationship between them, and suggesting that Defendants' illegal operations arise from the same transaction, occurrence, or series of transactions and occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal infringing operation. Plaintiff is therefore forced to file this action to combat Defendants' infringement of Plaintiff's Copyrighted Subject Designs, and to protect unknowing customers from purchasing unauthorized products over the Internet.

4.      Unicolors brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*.

5.      This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

**<u>JURISDICTION AND VENUE</u>**

6.      This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), (b).

7.      Defendants are subject to personal jurisdiction in this District because they purposefully direct their activities toward and conduct business with consumers throughout the

United States, including within the state of Illinois and this district, through at least the internet-based e-commerce stores accessible in Illinois.

8.   Defendants are further subject to personal jurisdiction in this district because each Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant domain names and/or the Online Marketplace Accounts identified in **Schedule A** attached hereto (collectively, "Defendants" or "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Plaintiffs copyrighted designs and work. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. Each of the Defendants are committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Plaintiff's claims arise out of those activities.

9.   Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

10.   Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants and their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

11.   Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not a resident in the United

States and therefore there is no district in which any action may otherwise be brought.

## PARTIES

12.     Unicolors is a California corporation with an office in California and doing business throughout the United States and within this District.

13.     Unicolors owns all rights, title, and interest in the Subject Designs and copyrights described herein that are the subject of this action as shown in **Exhibit A** attached hereto.

14.     Unicolors is in the business of developing, marketing, selling, creating, and distributing the Subject Designs. Following the distribution and sale of the Subject Designs, Unicolors discovered numerous entities within the fashion and apparel industry misappropriating the Subject Designs and selling fabric and garment bearing illegal and unauthorized reproductions and/or derivatives of the Subject Designs.

15.     Defendants have the capacity to be sued under Federal Rule of Civil Procedure 17(b).

16.     The Defendants in **Schedule A** (collectively, "Defendants") are individuals and business entities who, upon information and belief, reside primarily in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has, upon information and belief, sold, offered for sale, and continues to sell, products containing the Subject Designs to consumers within the United States and this District.

17.     Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or

shipment of infringing goods to the State.

18.     Upon information and belief, Defendants may have engaged in fraudulent conduct providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell infringing products.

19.     Upon information and belief, Defendants will likely continue sell and offer for sale products containing Unicolors' Subject Designs, namely products featuring in whole, or in part, the Subject Designs, or unauthorized derivatives thereof (collectively, the "Infringing Products") unless preliminarily and permanently enjoined.

20.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Unicolors and others.

21.     Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Unicolors economic interests in the state of Illinois and causing Unicolors harm and damage within this jurisdiction. The Infringing Products are shown in **Exhibit B** attached hereto.

22.     The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Unicolors' Subject Designs and the destruction of the legitimate market sector in which it operates.

23.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Unicolors' intellectual property rights, including Unicolors' exclusive right to use and license such intellectual property rights.

24.     Unicolors is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of

such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Unicolors' rights and the damages to Unicolors proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT DESIGNS

25.      Unicolors created and owns all rights in the Subject Designs shown in **Exhibit A**.

26.      Unicolors complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Designs.

27.      Unicolors has registered the Subject Designs with the United States Copyright Office and was granted a copyright registration.

28.      Defendants accessed the Subject Designs through one of Unicolors' authorized retailers, widespread display, or access through sampling or one of Unicolors' trade shows and displays.

29.      Genuine fabric bearing the Subject Design are sold by Unicolors and its authorized distributors.

30.      Defendants, and each of them, have willfully copied, reproduced, distributed, sold, and/or offered for sale the Subject Designs for financial benefit by, without limitation, reproducing the Subject Designs online and/or products bearing copies of the Subject Designs for commercial benefit, including without limitation, through Defendant Internet Stores.

31.      Defendants are using identical copies of the Subject Designs on fabric and thereafter using it to create and offer for sell clothing. True and correct screen captures depicting

non-inclusive exemplar(s) of the Defendants' unauthorized use are shown in **Exhibit B**. These copies and screen captures represent non-inclusive exemplars of the Infringing Use.

32.     Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on Internet marketplace websites.

33.     In advertising their stores and products, Defendants improperly and unlawfully use the Subject Designs without Unicolors' permission.

34.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Unicolors' genuine goods.

35.     Defendants are causing individual, concurrent and indivisible harm to Unicolors and the consuming public by (i) depriving Unicolors and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Unicolors' genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the images, and (iii) increasing Unicolors' overall cost to market its goods and educate consumers via the Internet.

36.     As a result, Defendants are defrauding Unicolors and the consuming public for Defendants' own benefit. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear unknowing to customers to be authorized online retailer, outlet stores, or wholesalers selling genuine Subject Designs. Many of the Defendant Internet Stores look sophisticated and accept payment in US Dollars via credit cards, PayPal, and other legitimate payment methods. Defendant Internet Stores include design elements that make it very difficult for consumers to distinguish such infringing sites from authorized seller websites.

37.     Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Unicolors' ownership of the Subject Designs, including its exclusive right to use and license such Subject Designs, through Unicolors' numerous online profiles and features, online publications and press featuring Unicolors' work, Unicolors' social media accounts, and/or through viewing the Subject Designs on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

38.     Defendants' use of the Designs, including the promotion and advertisement, reproduction, distribution, sale and offering for sale their infringing goods, is without Unicolors' consent or authorization.

39.     Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Unicolors' rights for the purpose of trading on Unicolors' intellectual property and reputation.

40.     Unicolors has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Designs.

41.     If Defendants' intentional infringing activities are not preliminarily and permanently enjoined, Unicolors and the consuming public will continue to be harmed.

42.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

43.     Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Unicolors.

44.     Unicolors is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Unicolors' intellectual property rights.

45.     Unicolors should not have competition from Defendants because Plaintiff never authorized Defendants to use Unicolors' Subject Designs.

46.     Unicolors has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

47.     Unicolors repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

48.     Unicolors, a Canadian-based artist, has complied in all respects with the Copyright Act of the United States and other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue.

49.     Under 17 U.S.C. § 106, Unicolors has the exclusive rights and privileges to reproduce, prepare derivate works, distribute copies, and import copies into the United States of the copyrighted Designs.

50.     Defendant's accessed Unicolors' Subject Designs through widespread display, sampling, trade shows or authorized retailers.

51.     Unicolors alleges that Defendants, and each of them, infringed Unicolors' exclusive copyrights by creating infringing derivative works, copying, displaying, and/or distributing works to the public based upon Unicolors' copyrighted art in violation of 17 U.S.C. § 106, as seen, without limitation, in the screen captures attached hereto in **Exhibit B**.

52.     Due to Defendants' Infringing Use as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Unicolors' rights in the Subject Designs. As such, Unicolors is entitled to

disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Designs in an amount to be established at trial.

53. Defendants' conduct constitutes willful and direct copyright infringement. The similarities between the Subject Designs and Infringing Use further proves the willful and direct infringement by Defendants.

54. On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

55. Due to Defendants', and each of their, acts of infringement, Unicolors has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

56. The harm caused to Unicolors is irreparable.

57. Unicolors is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

58. Unicolors complied with registration requirements for the Subject Designs before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per artwork per the Copyright Act.

59. Unicolors is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.      Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§ 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, affiliates, and/or all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell infringing goods; from infringing the Subject Designs; from using the Subject Designs, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Subject Designs in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; and from otherwise unfairly competing with Plaintiff;

b.      Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using the Subject Designs;

c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to

the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling foods bearing infringements of the Subject Designs;

d.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Subject Designs via the ecommerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Product Identification Numbers shown in **Exhibit B** and the Seller Aliases on **Schedule A** attached hereto, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Subject Designs associated with any PIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Subject Designs;

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Subject Designs in its inventory, possession, custody, or control, and surrender those goods to Plaintiff;

g.      Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public;

h.      Entry of an Order requiring Defendants to account to and pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

i.      Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit;

j.      That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

k.      Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other

related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

l.      That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said uses;

m.      That Plaintiff be awarded pre-judgment interest as allowed by law;

n.      That Plaintiff be awarded the costs of this action; and

o.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                Respectfully submitted,

Dated: May 22, 2024          By:      */s/ Mackenzie Paladino*
                                Mackenzie Paladino, Esq. (Bar No. 6342560)
                                DONIGER / BURROUGHS
                                247 Water Street, First Floor
                                New York, New York 10038
                                mpaladino@donigerlawfirm.com
                                *Attorney for Plaintiff*

EXHIBIT A



2
EXHIBIT A

# EXHIBIT B

## **SCHEDULE A**

